UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:22-CR-40059-KES-01 |
| Plaintiff, | ) | Sioux Falls, South Dakota<br>Courtroom II |
| -vs- | ) | |
| JUSTIN DOUGLAS BRENDE, | ) | May 16, 2023<br>9:00 a.m. |
| Defendant. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

PUBLIC TRANSCRIPT OF
CHANGE OF PLEA HEARING

BEFORE THE HONORABLE
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

(PURSUANT TO D.S.D. CRIM. LR 57.10, PORTIONS OF ALL CHANGE OF PLEA AND SENTENCING TRANSCRIPTS ARE RESTRICTED)

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

APPEARANCES:

Counsel for Plaintiff: Jeffrey C. Clapper
U.S. Attorney's Office
PO Box 2638
Sioux Falls, SD 57101-4410

Counsel for Defendant: Matthew Powers
Federal Public Defender's Office
101 S. Main Avenue, Suite 400
Sioux Falls, SD 57104

Also Present: Justin Douglas Brende - Defendant

(Proceedings in open court at 9:00 a.m.)

THE COURT: This is the time scheduled for a change of plea in the matter entitled United States of America v. Justin Douglas Brende.

Would counsel please note their appearances for the record.

MR. CLAPPER: Jeff Clapper on behalf of the United States.

MR. POWERS: Matt Powers with the Federal Public Defender's Office for Mr. Brende.

THE COURT: And, Mr. Brende, would you please stand and raise your right hand. The clerk will administer an oath to you to tell the truth.

(Defendant sworn)

THE COURT: And you can be seated.

And, Mr. Brende, do you understand that you're under oath to tell the truth, and if you answer any of my questions falsely, the government can use those answers against you in another prosecution for perjury or for making a false statement?

THE DEFENDANT: I understand, Your Honor.

THE COURT: What is your full name?

THE DEFENDANT: Justin Douglas Brende.

THE COURT: And where were you born?

THE DEFENDANT: Mitchell, South Dakota.

THE COURT: How old are you?

THE DEFENDANT: 43.

THE COURT: How far did you go in school?

THE DEFENDANT: Some college, Your Honor.

THE COURT: Have you been treated recently for any mental illness or addiction to narcotic drugs of any kind?

THE DEFENDANT: None.

THE COURT: Are you currently under the influence of any drug, medication, or alcoholic beverage of any kind?

THE DEFENDANT: None.

THE COURT: Did you receive a copy of the Indictment, which is the charge that's pending against you?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And have you had a chance to discuss that charge and your case in general with Mr. Powers as your lawyer?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Are you fully satisfied with the counsel, representation, and advice that you've received about your case from Mr. Powers?

THE DEFENDANT: I am satisfied.

THE COURT: And I see that you signed a petition to plead guilty. Did you have a chance to read that and discuss it with Mr. Powers before you signed it?

THE DEFENDANT: I have, Your Honor.

THE COURT: And do you understand all of the terms that are in the petition to plead guilty?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Mr. Powers, were all formal plea offers by the government conveyed to your client?

MR. POWERS: Yes, Your Honor.

THE COURT: Mr. Brende, has anyone attempted in any way to force you to plead guilty?

THE DEFENDANT: No, Your Honor.

THE COURT: Has anyone threatened you to try to make you plead guilty?

THE DEFENDANT: No, Your Honor.

THE COURT: Has anyone made any promises or assurances of any kind to try to get you to plead guilty?

THE DEFENDANT: No, Your Honor.

THE COURT: Are you pleading guilty of your own free will because you are guilty?

THE DEFENDANT: Yes, Your Honor.

THE COURT: The offense that you're pleading guilty to is receipt and distribution of child pornography. And that is a felony. If I accept your plea, as a result, you may lose some valuable civil rights, like the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess or carry any kind of firearm. Do you realize that you might lose those rights if you plead

guilty?

THE DEFENDANT: I understand, Your Honor.

THE COURT: And because this is a conviction for a sex-offense-related matter, if you are convicted, you will likely have substantial future restrictions on where you can live or work and with whom you can associate. Do you understand that?

THE DEFENDANT: I understand.

THE COURT: And you'd also be required to register as a sex offender. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: I wanted to go over with you what the possible maximum penalties are and mandatory minimum penalties.

One question I had: Mr. Powers, does your client have a prior qualifying conviction? Because that does impact the mandatory minimums and maximums.

MR. POWERS: It is our position that his prior qualifying conviction does not qualify, Your Honor. That's why I put -- Mr. Brende and I discussed both potential penalties. I believe it's the government's position, based on their plea offer, that it does qualify, but our position is it does not.

THE COURT: Okay. Then I'll go over both with him.

So, Mr. Brende, if you do not have a prior

qualifying conviction, there would be a mandatory minimum sentence of not less than 5 years and up to a maximum of not more than 20 years in custody.

If you do have a prior qualifying conviction, then there would be a mandatory minimum penalty of not less than 15 years and a possible maximum of not more than 40 years in custody.

In either event, the maximum fine would be $250,000, or you may face both prison and a fine. The maximum -- after you would finish your period in custody, there would be a period of supervised release of not less than 5 years and up to a maximum of life.

If your supervised release is revoked, you could be sentenced to an additional period in prison. If the revocation is for a violation of Chapter 109A, sexual abuse; 110, sexual exploitation and other abuse of children; 117, transportation for illegal sexual activity and related crimes; 1201, kidnapping; or 1591, sex trafficking of children by force, fraud, or coercion, there would be an additional period in prison of not less than 5 years and -- I'm sorry -- yes -- additional period in prison of not less than 5 years and up to life for each individual revocation. Then there would be an additional period of supervised release after that.

If you do not have a prior qualifying conviction --

I'm sorry. For any other type of revocation, the maximum period would be not more than 2 years in prison; or if you did have a prior qualifying conviction, not more than 3 years for any other violation.

Restitution may be ordered. And there's a $100 special assessment to the victims' assistance fund, and if you're not indigent, a $5,000 fine to the domestic trafficking victims fund.

Do you understand that those are the mandatory minimum and the possible maximum penalties if you plead guilty?

THE DEFENDANT: I understand, Your Honor.

THE COURT: When I decide your sentence, the first thing that I'll look at is the advisory guideline range under the Federal Sentencing Guidelines. And did Mr. Powers go over with you what he thinks your advisory guideline range will be?

THE DEFENDANT: He did, Your Honor.

THE COURT: And I can't determine that today. I have to wait until probation has prepared the Presentence Report and I've ruled on any objections that are filed to the report. Because of that, the range I find at the time of sentencing might be different than the estimate that Mr. Powers gave you. Do you understand that?

THE DEFENDANT: I do.

THE COURT: And after I figure out your initial advisory guideline range, then I have to determine if there's any reason why your sentence should be higher or lower than that, either based on departures that are authorized under the guidelines, or based on the factors that are in the sentencing statute. So your sentence could end up being higher or lower than the advisory guideline range. Do you understand that?

THE DEFENDANT: I do, Your Honor.

THE COURT: In the federal system parole has been abolished. So if you are sentenced to prison, you won't get out early on parole. Do you understand that?

THE DEFENDANT: I do, Your Honor.

THE COURT: And if either you or the government thinks that I make a mistake, you can appeal to the Eighth Circuit Court of Appeals to review anything that I've done. Do you understand that?

THE DEFENDANT: I do, Your Honor.

THE COURT: You have the right to plead not guilty to the offense that you're charged with, and you could continue with that plea. If you did so, you'd be entitled to a trial by jury. At trial, I would tell the jury that you are presumed to be innocent, and the burden is on the government to prove your guilt beyond a reasonable doubt. You'd have the right to the assistance of a lawyer to help

you with your defense. And if you didn't have money to hire your own lawyer, the Court would appoint one to represent you and would pay the lawyer. Your lawyer would represent you at trial and at every other stage of the proceeding. All the witnesses that the government has would come here to court so that you could see them and hear them when they testified. And your attorney could ask them questions on cross-examination as part of your defense.

On your part, you'd have the right to not testify unless you voluntarily gave up that right. If you had witnesses who you thought were helpful to your side, subpoenas could be served on those witnesses, and that would make them come to court to testify.

If you decided not to testify or not to present any evidence, I would tell the jury that they can't use those facts against you. That the burden stays on the government to prove your guilt beyond a reasonable doubt.

If you enter a plea of guilty today, there won't be a trial, and you'll have given up all of the other rights that I just described to you. Do you understand that?

THE DEFENDANT: I do, Your Honor.

THE COURT: You're charged with receipt and distribution of child pornography. And if this case did go to trial, the government would have to prove beyond a reasonable doubt that on or about between November 1, 2020,

and October 3, 2021, in the District of South Dakota and elsewhere, you knowingly received or distributed, or attempted to receive or distribute, material that contained a visual depiction of child pornography; that you knew the visual depiction was of a minor engaging in sexually explicit conduct; and that the material containing the visual depiction was produced using material that had been mailed, shipped, or transported, including by computer, in interstate or foreign commerce. Do you understand that that's what you're charged with and that's what the government would have to prove if this case did go to trial?

THE DEFENDANT: I do, Your Honor.

THE COURT: As part of the petition to plead guilty, it included a Factual Basis Statement. Did you read that before you signed it?

THE DEFENDANT: I did, Your Honor.

THE COURT: And is everything there the truth?

THE DEFENDANT: It is, Your Honor.

THE COURT: And I just had a couple questions for you. So I have to determine if there's an independent factual basis for a plea, and I can't rely on legal conclusions to do that. One of the things in your Factual Basis Statement says that the files contained images and videos of prepubescent children engaged in sexually explicit conduct. So I need to know what that sexually explicit

conduct is. Under the statute it can include things like sexual intercourse; bestiality; masturbation; sadistic or masochistic abuse; lascivious exhibition of the anus, genitals, or pubic of any person. So can you tell me what some of the images were.

THE DEFENDANT: What ones I do recall were including lascivious exhibition of genitals and buttocks.

THE COURT: And those were the images of children under the age of 18?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And they were some images of prepubescent children too?

THE DEFENDANT: As I recall, yes, Your Honor.

THE COURT: With that additional information, I find that there is an independent factual basis for the plea.

Mr. Brende, would you please stand.

How do you plead to the charge in the Indictment? It charges you with receipt and distribution of child pornography. Guilty or not guilty?

THE DEFENDANT: Guilty, Your Honor.

THE COURT: You may be seated.

It is the finding of the Court in the case of United States versus Justin Douglas Brende that the defendant is fully competent and capable of entering an

informed plea; that he is aware of the nature of the charges and the consequences of the plea; and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. The plea is therefore accepted, and the defendant is now adjudged guilty of that offense.

Mr. Brende, also your petition to plead indicates that you agree to forfeit your interest in a Journey LTE cellular phone and a SanDisk memory card. Do you understand that those will also be forfeited?

THE DEFENDANT: Yes, Your Honor.

THE COURT: I wanted to tell you what will happen next. Probation is going to prepare the Presentence Report that we talked about before, and Rena Jensen is the probation officer that will be working on your report. She'll include information in there about your background, about your family, your education, your work experience, if you've been in trouble with the law before, and about what happened here. And she'll put all of that in the report along with a calculation of your advisory guideline range. And once she's finished, she'll file the report. And then Mr. Powers will get it, and he'll then go over the report with you. Please read it carefully and let him know if there are any errors or mistakes in the report. He can either ask to have changes made to the report or he can file

objections to the report.

And if there are objections, then I'll have a hearing on those and I'll rule on the objections. And then that determines what your advisory guideline range is. That will happen at the sentencing hearing, which is scheduled for Monday, August 7th at 9:00. And during the hearing I'll rule on the objections first, and then I'll have Mr. Powers speak on your behalf, and he'll tell me what he thinks your sentence should be. And then, Mr. Brende, you'll have an opportunity to speak. So if there's anything that you want to say or you want me to know about you, you'll have the opportunity to tell me that. And if you have family or friends who'd like to come to the hearing and speak on your behalf, I'll listen to them too. And then I'll hear what the government recommends that your sentence should be.

And, Mr. Brende, if either you or your family or friends would rather submit letters, that's okay too. Just get them to Mr. Powers a week before the sentencing, and then he'll file them. And that gives me enough time to read everything before we get started.

Anything else from either side today?

MR. CLAPPER: No, Your Honor.

MR. POWERS: No. Thanks, Your Honor.

THE COURT: We'll be adjourned.

(Proceedings concluded at 9:14 a.m.)

UNITED STATES DISTRICT COURT)
DISTRICT OF SOUTH DAKOTA : SS CERTIFICATE OF REPORTER
SOUTHERN DIVISION )

I, Carla Dedula, Official United States District Court Reporter, Registered Professional Reporter, Certified Realtime Reporter, and Notary Public, hereby certify that the above and foregoing transcript is the true, full, and complete transcript of the above-entitled case, consisting of pages 1 - 13.

I further certify that I am not a relative or employee or attorney or counsel of any of the parties hereto, nor a relative or employee of such attorney or counsel, nor do I have any interest in the outcome or events of the action.

IN TESTIMONY WHEREOF, I have hereto set my hand this 31st day of July, 2023.

Carla Dedula

_________________________________

CARLA DEDULA RPR, CRR, CRC
400 S. Phillips Avenue
Sioux Falls, SD 57104
Phone: (605) 330-6669
Email: carla_dedula@sdd.uscourts.gov
My Commission Expires: May 24, 2026