UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>JUSTIN DOUGLAS BRENDE,<br><br>　　　　　Defendant. | CR 22-40059<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS AND SENTENCING MEMORANDUM |

The United States of America, by Assistant United States Attorney, Jeffrey C. Clapper, responds to the Defendant's Objection to the Presentence Investigation Report, paragraph 70, and the Defendant's Sentencing Memorandum, Doc. 37.

In this case, the enhanced penalty provision of 18 U.S.C. § 2252A(b)(1) applies. The Defendant was charged by indictment with one count of receipt and distribution of child pornography. Doc. 1. The penalty provision, 18 U.S.C. § 2252A(b)(1), was alleged in the indictment. *Id.* Defendant's Petition to Plead Guilty also expresses his awareness of the enhanced penalty provision. Doc. 26, ¶ 12.

A defendant found guilty of receiving or distributing child pornography under 18 U.S.C. § 22521A(a)(2)(A) is subject to an enhanced mandatory minimum penalty of 15 years' imprisonment if he has previously been convicted "under the laws of any State relating to … the production, possession, receipt,

mailing, sale, distribution, shipment, or transportation of child pornography." 18 U.S.C. § 2252A(b)(1).

Here, Brende's 2002 conviction for possession of child pornography under S.D.C.L. § 22-22-24.2(3) was "a prior conviction … under the laws of any state relating to … the … possession … of child pornography" within the meaning of 18 U.S.C. § 2252A(b)(1). Brende argues, however, that South Dakota law defines child pornography more broadly than federal law. Relying on *United States v. Reinhart*, 893 F.3d 606 (9th Cir. 2018), Brende claims the "categorical approach" does not result in the enhanced penalty. Specifically, Brende argues that the South Dakota definition of "prohibited sexual act" is broader that its federal counterpart because it includes "actual physical contact with a person's clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast." Defendant's Sentencing Memorandum, p. 3, citing S.D.C.L. § 22-19A-1(16) (2020).

The Eighth Circuit Court of Appeals, however, has dealt with the issue on two prior occasions. In *United States v. Mayokok*, 854 F.3d 987 (8th Cir. 2017), the Court held that the enhanced penalty of a 15-year mandatory minimum sentence was correctly imposed. There, a "categorical approach" was used to analyze the defendant's prior conviction for possession of child pornography under Minnesota law. *Id.* at 992. The *Mayokok* Court acknowledged that there are a number of "scenarios that violate one statute but not the other." *Id.* at 992. The issue, however, is "whether the full range of conduct" of the Minnesota law "relates to 'possession . . . of child pornography' as that term is defined under

federal law." *Id.* at 993.  Notably, the Minnesota law was similar to the South Dakota law in defining "sexual conduct" to include "physical contact with the clothed or unclothed pubic areas or buttocks of a human male or female, or the breasts of a female …" *Id.* at 992 (citing Minnesota Statute section 617.246, subd. 1(e)).  After analyzing Minnesota law, and using the categorical approach, the prior Minnesota conviction for possession of child pornography "related to" the possession of child pornography under federal law and the enhanced penalty was applied.  *Id.* at 993.

More recently, in *United States v. Box*, 960 F.3d 1025 (8th Cir. 2020), the Court determined the defendant's prior convictions for possessing child pornography under Arkansas law qualified for the enhanced penalty under 18 U.S.C. § 2252A(b)(1).  Similarly, the defendant argued the Arkansas law for possessing child pornography was broader than the federal statute.  *Id.* at 1026. Citing *Mayokok*, the Court in *Box* reasoned that the term "relating to", as used in 18 U.S.C. § 2252A(b)(1), "carries a broad ordinary meaning."  Therefore, the Arkansas statute, although broader than the federal statute, sufficiently "related to" the possession of child pornography under federal law.  *Id.* at 1027.

Indeed, other Circuits have ruled similarly to the Eighth Circuit in adopting broad interpretations of the "relating to" term of 18 U.S.C. §§ 2251(e) and § 2252(b). See *United States v. Barker*, 723 F.3d 315, 324 (2d Cir. 2013); *United States v. Hubbard*, 480 F.3d 341, 347 (5th Cir. 2007); *United States v. Mateen*, 806 F.3d 857, 861 (6th Cir. 2015); *United States v. Portanova*, 961 F.3d

252 (3rd Cir.), cert. denied, 141 S. Ct. 683 (2020). Therefore, the 15-year minimum sentence under 18 U.S.C. § 2252A(b)(1) is applicable to Brende.

Dated this 5th day of August, 2023.

        ALISON J. RAMSDELL
        United States Attorney

        */s/ Jeffrey C. Clapper*

        _____
        Jeffrey C. Clapper
        Assistant United States Attorney
        P.O. Box 2638
        Sioux Falls, SD 57101-2638
        Telephone: (605)357-2351
        Facsimile: (605)330-4410
        E-Mail: jeff.clapper@usdoj.gov